IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WENDELL WHITE, | ) | No. C 05-4575 JSW (PR) |
| Plaintiff, | ) ) | **ORDER OF DISMISSAL** |
| vs. | ) ) | |
| FEDERAL BUREAU OF INVESTIGATION, | ) ) ) | (Docket No. 3) |
| Defendants. | ) ) ) | |

Plaintiff, currently incarcerated at California State Prison-Sacramento in Represa, California has filed a letter which the Clerk construed as a civil rights complaint under 42 U.S.C. § 1983. After being sent paperwork and a direction to do so, Plaintiff has also filed an application to proceed *in forma pauperis*. The Court now reviews the complaint under 28 U.S.C. § 1915A(a) and DISMISSES the complaint for the reasons set forth below. Plaintiff's motion is DENIED as moot (docket no. 3) and no fee is due.

**DISCUSSION**

This Court received a letter addressed to the U.S. Federal Grand Jury. Because the Grand Jury is not a body that can receive mail, this letter was apparently sent to this Court and the Clerk has filed it as a civil rights case. However, according to the letter from Plaintiff, he is seeking a Grand Jury investigation and was not intending to file a civil rights complaint through this letter. In his letter, Plaintiff informs the Grand Jury that he is in the process of exhausting his claim through the institutional review process

and intends to file a claim under 42 U.S.C. § 1983 in the future.  Therefore, the complaint will be dismissed without prejudice to Plaintiff filing such a claim after he has exhausted his institutional administrative remedies.

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *See id.* at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a violation of a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.  Plaintiff's Complaint

According to the letter from Plaintiff, he intends to file a civil rights complaint in the future, after he has exhausted the institutional administrative appeals process.  It appears that Plaintiff has not completed the exhaustion process and intends to file a complaint after he has completed that process.  An action must be dismissed unless the prisoner exhausted his available administrative remedies before he or she filed suit, even if the prisoner fully exhausts while the suit is pending.  *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).   As such, Plaintiff's complaint is dismissed without prejudice to Plaintiff's filing a claim after he has exhausted the available administrative remedies.

**CONCLUSION**

1  For the forgoing reasons, Plaintiff's complaint is hereby DISMISSED. The
2  Clerk shall close the file and enter judgment in this case.
3  IT IS SO ORDERED.
4  DATED: May 15, 2006

5  _____
   JEFFREY S. WHITE
6  United States District Judge

3